IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
AMARILLO DIVISION

| | |
|---|---|
| BRITTANEY BAILEY,<br>on behalf of herself and all others<br>similarly situated,<br><br>Plaintiff,<br><br>vs.<br><br>HOW NO. 1, INC. d/b/a BUFFALO<br>WILD WINGS (WEST), WESTEX<br>WINGS MANAGEMENT, L.C.<br>d/b/a BUFFALO WILD WINGS (EAST)<br>and KENDALL HOWARD,<br><br>Defendants. | CIVIL ACTION NO: 2:17-cv-77 |

## COMPLAINT – COLLECTIVE ACTION

Plaintiff Brittaney Bailey, on behalf of herself and all others similarly situated, through the undersigned counsel alleges as follows:

### I.   INTRODUCTION

1.   This lawsuit arises under the Fair Labor Standards Act ("FLSA") as a result of Defendants' failure to pay Plaintiff and other similarly-situated employees all earned wages, including straight time wages, minimum wages, and overtime wages.

2.   Specifically, Defendants violated the FLSA with respect to employees earning a direct cash wage of less than the minimum wage by (a) requiring them to the tab for customers who leave the restaurant without paying or who are not satisfied with their food; (b) requiring them to spend more than twenty percent (20%) of their time engaged in non-tip producing activities without paying minimum wage for such time; and (c) paying overtime premiums at a

1

rate less than is required by law.

## II.     PARTIES

3.      Plaintiff Brittaney Bailey is a resident of Amarillo, Texas. Ms. Bailey was employed as a server by at the Buffalo Wild Wings West location in Amarillo, Texas during the statutory period covered by this Complaint. Ms. Bailey's written consent to this action is attached as Exhibit "A."

4.      Defendant How No. 1, Inc. is a domestic for-profit corporation. Service of process may be had on Defendant through its registered agent Kendall Howard, 10401 Indiana Avenue, Lubbock, Texas 79423, or wherever he may be found.

5.      Defendant Westex Wings Management, L. C. is a domestic for-profit limited liability company. Service of process may be had on Defendant through its registered agent Kendall Howard, 10401 Indiana Avenue, Lubbock, Texas 79423, or wherever he may be found.

6.      Defendant Kendall Howard is an individual. Service of process may be had on Defendant at 10401 Indiana Avenue, Lubbock, Texas 79423, or wherever he may be found.

## III.     JURISDICTION AND VENUE

7.      This Court has jurisdiction over the subject matter of this action under 29 U.S.C. §207, 29 U.S.C. § 216(b), and 28 U.S.C. § 1331.

8.      Venue is proper in the Northern District of Texas because Defendant engages in business here.

## IV.     COVERAGE

9.      Each Defendant's gross volume of sales exceeds $500,000 per year, exclusive of excise taxes.

10. During the relevant time period, each Defendant has been an employer engaged in commerce within the meaning of the FLSA.

11. At all times relevant to this lawsuit, Defendants employed, and continue to employ, two or more employees.

12. At all times relevant to this lawsuit, Defendants employed two or more employees who engaged in commerce and/or who handled, sold, or otherwise worked with goods or materials that have been moved in or produced for commerce by any person.

## V. PROPOSED CLASS DEFINITION

13. Plaintiff brings this suit on behalf of the following similarly situated persons:

> **All current and former tipped employees who worked at any Buffalo Wild Wings restaurant owned, managed, or operated by any Defendant within the state of Texas at any time during the last three years who were paid a direct cash wage of less than the minimum wage (the "Potential Class Members").**

## VI. FACTUAL ALLEGATIONS

14. Defendants own, operate, and/or manage several Buffalo Wild Wings restaurants in Texas, Oklahoma, and possibly other states (the "Restaurants").

15. Defendants employ servers and other staff at the Restaurants who are paid a direct cash wage of less than $7.25, the current federal minimum wage.

16. Defendants credit tips received by such employees toward their obligation to pay the minimum wage.

17. However, Defendants make deductions from the wages of Plaintiff and the Potential Class Members, which are unlawful.

18. Specifically, Defendants require Plaintiff and the Potential Class Members to reimburse Defendants when customers leave the Restaurants without paying their tab.

19. Defendants also require Plaintiff and the Potential Class Members to reimburse Defendants when customers are unsatisfied with their food and return them.

20. Defendants require Plaintiff and the Potential Class Members to spend more than twenty percent (20%) of their time engaged in non-tip producing activities such as rolling silverware, cleaning, and working in the kitchen, without paying minimum wage for such time.

21. Defendants require and/or permit Plaintiff and the Potential Class Members to work more than 40 hours in some workweeks; however, Defendant do not properly calculate the overtime premium rate.

22. Specifically, Defendants pay servers a direct cash wage of $2.25 and an overtime premium of one-and-one-half the direct case wage, or $3.38 per hour.

23. Instead, the overtime premium should be $5.88 for each overtime hour worked. See [DOL FOH 32j18(e)](DOL FOH 32j18(e)).

24. Defendants failed to inform Potential Class Members of the provisions of §3(m) of the FLSA.

25. Defendants' actions as described above were based on upon uniform policies applicable to Plaintiff and each of the Potential Class Members.

## VII. COLLECTIVE ACTION ALLEGATIONS

26. Plaintiff brings this action on behalf of the Potential Class Members as a collective action pursuant to the Fair Labor Standards Act, 29 U.S.C. §§ 207 and 216(b).

27. The claims under the Fair Labor Standards Act may be pursued by those who opt-in to this case pursuant to 29 U.S.C. §216(b).

28. The collective action mechanism is superior to the other available methods for

a fair and efficient adjudication of the controversy.

29. The damages suffered by the Potential Class Members are relatively small when compared to the expense and burden of litigation, making it virtually impossible for the Potential Class Members to individually seek redress for the wrongs done to them.

30. The total number and identities of the Potential Class Members may be determined from the records of Defendants and the Potential Class Members may easily and quickly be notified of the pendency of this action.

31. Plaintiff is similar to the Potential Class Members because she and the Potential Class Members have suffered from similar minimum wage, tip-credit violation, dual jobs, and overtime pay violations.

32. Plaintiff's experience is typical of the experiences of the Potential Class Members.

33. Defendants' failure to pay minimum wage, their minimum wage, dual jobs, and tip-credit violations result from generally applicable policies or practices and do not depend on the personal circumstances of Plaintiff or Potential Class Members.

34. Specific job titles or job duties of the Potential Class Members do not prevent collective treatment.

35. All Potential Class Members are entitled to the difference between their direct hourly wage and the applicable minimum wage for all hours worked and/ or the full minimum wage for any non-tip producing work, and additional overtime premiums they were denied.

36. Although the issue of damages among Potential Class Members may be individual in character, there remains a common nucleus of liability facts.

37. Defendants knew or should have known that their policies and practices violate the FLSA.

38. Defendants have not made a good faith effort to comply with the FLSA.

39. Rather, Defendants have knowingly, willfully, and/or with reckless disregard, carried out, and continue to carry out their illegal practices.

## VIII. CAUSES OF ACTION

### Count 1:
### *Impermissible Deductions from Wages*

40. Plaintiff and the Potential Class Members are paid a direct cash wage (e.g., $2.25 per hour) by Defendants which is below the minimum wage.

41. Defendants take a credit against tips received by Plaintiff and Potential Class Members to satisfy the requirement that all employees receive at least the minimum wage of $7.25 per hour.

42. Under the FLSA, tips are not wages. 29 U.S.C. §203(m).

43. Defendants uniformly impose upon Plaintiff and Potential Class Members a requirement that the reimburse their employer for money lost when a customer leaves without pay the tab or refuses food the customer finds to be unsatisfactory.

44. No portion of an employee's tips may be kicked back to the employer to cover these costs of doing business.

45. Defendants violated the FLSA because all tips received by Plaintiff and Potential Class Members were not retained by them.

### Count 2:
### *Dual Jobs Violation*

46. Rather than paying its tipped employees the applicable minimum wage, Defendants take a credit against tips received to satisfy their obligation to pay the minimum wage.

47. Defendants therefore paid Plaintiff and Potential Class Members at a rate less than the applicable minimum wage.

48. In addition to their tipped work, Plaintiff and Potential Class Members were required by Defendants to perform non-tipped such as rolling silverware, cleaning the restaurant, and working in the kitchen.

49. This non-tip producing work performed by Plaintiff and Potential Class Members exceeded twenty percent (20%) of their time at work.

50. As a result, Plaintiff and Potential Class Members are entitled to at least the applicable minimum wage for all such time worked, without applying a tip credit.

## *Count 3:*
### *Overtime Violations*

51. Plaintiff and Potential Class Members are sometimes required and/or permitted to work more than 40 hours in a workweek.

52. In determining the overtime rate to the paid a tipped employee, the employer must first determine the regular rate of pay, which is comprised of the direct cash wage plus the tip credit.

53. Tips in excess of the allowable credit are not wages and are not considered in calculating the regular rate. *See* 29 C.F.R. 531.60.

54. So, a server receiving a direct cash wage of $2.25 per hour and a tip credit of

$5.00, would have a regular rate of $7.25 ($2.25 + $5.00).

55. The employees overtime rate would therefore be $10.88 ($7.25 * 1.5).

56. Therefore, for each hour worked over 40 in a workweek, the employee is entitled to $5.88 ($10.88 - $5.00 tip credit).

57. The overtime direct wage payment is <u>not</u> one and one-half time the non-overtime wage payment of $2.25.

## *Count 4:*
## *Failure to Inform*

58. Defendants failed to inform Potential Class Members of the provisions of §3(m) of the FLSA.

## IX. JURY DEMAND

59. Plaintiff demands a trial by jury of this action.

## X. PRAYER FOR RELIEF

WHEREFORE, Plaintiff, individually and/or on behalf of herself and all other similarly situated, requests that this Court grant the following relief against Defendants:

A. Designation of this action as a collective action on behalf of the Potential Class Members, and prompt issuance of notice pursuant to 29 U.S.C. § 216(b), apprising them of the pendency of this action, and permitting them to assert timely FLSA claims in this action by filing individual consents pursuant to 29 U.S.C. §216(b);

B. An award of compensation for unpaid wages to Plaintiff and each opt-in plaintiff;

C.  An award of unpaid compensation for overtime to Plaintiff and each opt-in plaintiff;

D.  An award of compensation for unpaid minimum wages at the applicable minimum wage rate to Plaintiff and each opt-in plaintiff;

E.  An award of liquidated damages to Plaintiff and each opt-in plaintiff;

F.  An award of prejudgment and post- judgment interest to Plaintiff and each opt-in plaintiff;

G.  An award of costs and expenses of this action together with reasonable attorneys' and expert fees to Plaintiff and each opt-in plaintiff; and

H.  Such other and further relief as this Court deems just and proper.

DATED: April 28, 2017.

Respectfully submitted,

By: */s/ Jeremi K. Young*
Jeremi K. Young
State Bar No. 24013793
Collin Wynne
State Bar No. 24068815
YOUNG & NEWSOM, PC
1001 S. Harrison, Suite 200
Amarillo, Texas 79101
(806) 331-1800
(806) 398-9095 (fax)
 jyoung@youngfirm.com
collin@youngfirm.com

ATTORNEYS FOR PLAINTIFF